## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

ALAN CHRISTOPHER MARTIN,
7925 Orchard Parkway
Bowie, Maryland 20715
                 Plaintiff,

     v.

FMS FINANCIAL SOLUTIONS LLC
9001 Edmonston Road, Suite 20
Greenbelt, Maryland 20770

and

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, NW
Atlanta, Georgia 30309

                 Defendants.

Civil Action No.:  8:17-cv-911

**JURY TRIAL DEMANDED**

### JURISDICTION

1.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1331.

2.       This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

3.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, and all Defendants transact business here.

### PARTIES

4.       Plaintiff Alan Christopher Martin is a natural person who currently resides in Bowie, Maryland.  Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(b) and (c) and in 15 U.S.C. § 1692a(3).  He is a "person" as that term is defined in Md. Code Ann. Comm. Law § 14-201(d).

1

5.      FMS Financial Solutions LLC ("FMS") is a Maryland limited liability company with its principal place of business located at 9001 Edmonston Road, Suite 20, Greenbelt, Maryland.

6.      FMS is a furnisher of information to the major credit reporting agencies, including Equifax.

7.      FMS is a " professional debt collection and financial services company." *See* FMS "Home, *at* http://www.fmsfinancialsolutions.com/index.asp.

8.      FMS conducts interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a "collector" as that term is defined by Md. Code Ann. Comm. Law § 14-201(b).

9.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia.  Equifax is authorized to do business in the State of Maryland, and is registered with the Maryland Secretary of State with a registered agent located in Maryland.

10.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

11.      Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## FACTS

### Plaintiff's Payment of Debt to FMS

12.     In or about April 2014, Plaintiff received treatment at Secure Medical Services ("SMS").

13.     Though Plaintiff believed—and continues to believe—that insurance covered his medical care from SMS, SMS subsequently indicated that Plaintiff owed $220 for the services he received.

14.     The services on which the debt was based were primarily for personal or family purposes.

15.     Plaintiff, however, did not become aware of the debt until approximately December 2015, when he sought a loan.

16.     After denying the loan, the lender provided Plaintiff with a copy of his credit report from Equifax, which indicated only one outstanding debt to FMS, for services by SMS.  *See* Equifax Report, relevant portions of which are attached hereto as Exh. A.  The report listed the original debt to SMS as $220 and the balance as $297, with an April 1, 2014 account opening date.

17.     Plaintiff contacted FMS in or around January 2016.  FMS informed Plaintiff that the debt at issue was for charges incurred at SMS and that he owed $218.33.

18.     As directed by FMS to satisfy his debt to SMS, Plaintiff paid the $218.33 by phone using his Citibank debit card.

### FMS' Misapplication of Plaintiff's Payment

19.     Plaintiff received a letter indicating his satisfaction of the collection account by FMS.  The letter made reference to Julian Jakobivits as the creditor, whom

Plaintiff took, at the time, to be either the specific provider he had seen at SMS or the billing name for SMS.   *See* February 1, 2016 FMS Letter, attached hereto as Exh. B. The letter also included a promise to update Plaintiff's credit report accordingly.  *Id.*

20.     FMS attached to the letter a Universal Data Form, which is purportedly transmitted to Equifax, indicating an account number of x0735 and an account opening date of April 22, 2013.  *Id*.

21.     On or about March 1, 2016, FMS sent Plaintiff a letter reiterating the zero balance on his account and the deletion request to Equifax, also referencing Julian Jakobivits.  *See* March 1, 2016 FMS Letter, attached hereto as Exh. C.

22.     Dr. Jakobivits is not affiliated with SMS, and Plaintiff has never received medical care from him.

23.     Plaintiff's credit report had made no reference to any debt owed to Dr. Jakobivits.

24.     Notwithstanding Plaintiff's payment, his credit report dated April 14, 2016, continued to reflect the collection account, with account number xx3879, from FMS with a balance of $297, listing SMS as the creditor.

25.     In response to Plaintiff's follow up inquiries with FMS about the continued reporting, FMS informed him that it would take some time to remove the debt from his report.

26.     Believing the situation resolved, in or around May 2016, Plaintiff sought a $70,000 loan from Excel Funding Solutions LLC ("Excel") to support his new consulting business, Martin Group International. At the time, Plaintiff had lucrative, time-sensitive business opportunities abroad.

27.     Excel informed Plaintiff that he continued to have an outstanding debt from FMS on his credit report and that it could not approve the loan.

28.     In or around May 2016, Plaintiff again contacted FMS regarding the SMS debt on his credit report.  FMS informed him that the SMS debt had not been paid and that FMS had instead applied Plaintiff's February 2016 payment to an account held by a different Alan Martin.

29.     The Alan Martin who had received services from Dr. Jacobivits had a different date of birth and address from Plaintiff.  FMS nonetheless insisted that Plaintiff merely had two accounts and refused to apply Plaintiff's payment to the account legitimately attributable to him.

30.     In or around May 2016, Plaintiff contacted the office of Dr. Jacobivits. The doctor's staff confirmed that Plaintiff had never been a patient there and that Plaintiff had never incurred any debt to Dr. Jacobivits.

31.     Plaintiff did not knowingly pay the debt or authorize the transfer of funds to pay the debt belonging to the other Alan Martin and was unaware until May 2016 that FMS had done so.

### Plaintiff's Credit Dispute

32.     In or around April 2016, Plaintiff disputed the continued reporting of the SMS debt with Equifax through Equifax's online dispute resolution system.

33.     Upon information and belief, Equifax timely notified FMS of the dispute, pursuant to its statutory duty.

34.    FMS' continued reporting of a collection account was inaccurate because at the time of his dispute, Plaintiff had no outstanding debts to FMS or to any creditors on whose behalf FMS collected.

35.    Equifax and FMS each had a statutory duty to investigate the accuracy of the reporting of the default judgment.

36.    After investigation, however, the entry remained unchanged on the credit report.  *See* Reinvestigation Credit Report, attached hereto as Exh. D.

37.    Equifax and FMS knew or should have known that Plaintiff could not have two accounts with two different dates of birth and knew or should have known that FMS erroneously applied Plaintiff's payment intended to satisfy his outstanding debt.

38.    A reasonable investigation would have captured this error and would have taken into account the commonness of Plaintiff's name.

39.    Indeed, though mistaken identity situations occur frequently in credit reporting, Equifax and other credit reporting agencies do not take sufficient steps to address it.  *See* http://www.cbsnews.com/news/40-million-mistakes-is-your-credit-report-accurate-25-08-2013/; http://www.cbsnews.com/news/mistaken-identity-in-credit-report/.

40.    Equifax and FMS failed to reasonably investigate this misapplication of payments.

41.    A reasonable investigation also would have taken into account the absence of any outstanding debt on Plaintiff's credit report relating treatment by Dr. Jakobovits, though the alleged debt predates that Plaintiff attempted to pay.

42.    In addition, FMS knew or should have known that Plaintiff did not have any additional outstanding debts.

43.     Even so, it continued to report Plaintiff's collection account balance to Equifax.

44.     FMS' reports were false and misleading and go to Plaintiff's creditworthiness.

## Damages

45.     As a result Defendants' actions, Plaintiff's attempt to obtain a loan for his business was indefinitely stalled, causing him to lose income and valuable business opportunities.

46.     Also as a result of Defendants' actions, Plaintiff suffered significant stress, frustration, and emotional distress.

## First Cause of Action
## Declaratory Judgment
## (All Defendants)

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     FMS erroneously reported and re-reported to one or more credit reporting agencies that Plaintiff owes a balance on a collection account that he had satisfied.

49.     Equifax erroneously reported and re-reported that Plaintiff owes a balance on a collection account that he had satisfied.

50.     An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning the accuracy of reporting their liability on the collection account.

51.     Plaintiffs seek declaratory judgment from this Court that they have no liability on the collection account and any reports to the contrary are inaccurate.

**Second Cause Of Action**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq*. (FCRA)**
**(against FMS)**

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Defendant FMS willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute from Equifax, by failing to appropriately report the results of its investigation, by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, Plaintiff's dispute, and FMS' own records.

54.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from FMS.

55.     As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from FMS.

**Third Cause Of Action**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq*. (FCRA)**
**(against Equifax)**

56.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     Defendant Equifax willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the logical implications of FMS' deletion request.

58.     Defendant Equifax willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the logical implications of FMS' deletion request.

59.     As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

60.     Defendant Equifax's actions and omissions were willful, rendering Equifax liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

61.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Fourth Cause of Action**
**Violation of the Fair Debt Collection Practices Act,**
**15 U.S.C. § 1692 *et seq.***
**(against FMS)**

62.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.     FMS is a debt collector that uses the mail and/or interstate commerce to collect debts owed to others, to wit, medical debt.

64.     Plaintiff is a consumer who incurred a debt primarily for personal, household, or family purposes, specifically, medical debt.

65.     FMS communicated to Equifax credit information which it knew or should have known to be false, in violation of 15 U.S.C. § 1692e(8).

66.     In attempting to collect a debt that had already been satisfied, FMS violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

67.     In attempting to collect a debt that had already been satisfied, FMS violated 15 U.S.C. § 1692c(a)(2) in engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692(d).

68.     FMS knew or should have known Plaintiff had satisfied his debt and did not have any additional accounts, and recklessly disregarded those facts.  Its actions in reporting the debt to Equifax were, accordingly, willful.

69.     Plaintiff is entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

**Fifth Cause of Action**
**Violation of the Maryland Consumer Debt Collection Act,**
**Md. Code Ann. Comm. Law. § 14-201 *et seq.***
**(against FMS)**

70.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.     FMS is a collectors that collect debts arising out of consumer transactions, to wit, medical debt.

72.     Plaintiff is a consumer who incurred a debt primarily for personal, household, or family purposes, specifically, medical debt.

73.     FMS claimed, attempted and/or threatened to enforce a right with actual or constructive knowledge that the right does not exist reporting to Equifax that Plaintiff continued to owe a debt, in violation of Md. Code Ann. Comm. Law §14-202(8).

74.     FMS disclosed information which affects Plaintiff's reputation for credit worthiness to Equifax, with actual or constructive knowledge that the information is false, in violation of Md. Code Ann. Comm. Law §14-202(3).

75.     FMS knew or should have known Plaintiff had satisfied his debt and did not have any additional accounts, and recklessly disregarded those facts.  Its actions in reporting the debt to Equifax were, accordingly, willful.

76.     As a result of the above violations of the Maryland Code, FMS is liable to the Plaintiff for actual damages, statutory damages and attorney's fees.

**Prayer For Relief**

Plaintiff respectfully requests the Court grant Plaintiffs the following relief against Defendants, as appropriate, as follows:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1), 15 U.S.C. § 1692k, and Md. Code Ann. Comm. Law § 14-203;

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1), and 15 U.S.C. § 1692k;

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681(o)(a)(1) against Equifax and FMS for each incident of negligent noncompliance of the FCRA;

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, for each violation of the FDCPA;

- enter judgment according to the declaratory relief sought;

- an award of costs for the declaratory judgment action; and

- any other relief the Court may deem just and proper.

Dated April 4, 2017                    Respectfully submitted on behalf of Plaintiff,


  _/s/ Courtney L. Weiner_____
Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com

*Attorney for Plaintiff*